## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| Erin Shull, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| National Credit Adjusters, LLC, a Kansas limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

### AMENDED COMPLAINT

Plaintiff, Erin Shull, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.   Plaintiff, Erin Shull ("Shull"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for a payday/internet loan to Easy Money.

4.   Defendant, National Credit Adjusters, LLC ("NCA"), is a Kansas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. NCA operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant NCA was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant NCA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant NCA's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant NCA is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant NCA conducts business in Alabama.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed for a payday/internet loan to Easy Money. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant NCA, which attempted to collect this debt from him via negative credit reports. Unsure of the debt and unsure about NCA, Mr. Shull consulted with counsel about his debt issues and the debt that NCA was trying to collect.

8. Accordingly, Mr. Shull's attorney wrote to Defendant NCA, via letters dated May 26, 2020 and May 28, 2020, to dispute the debt that NCA was trying to collect. Copies of these letters are attached as Group Exhibit B.

9. On July 27, 2020, Mr. Shull obtained and reviewed copies of his TransUnion and Experian credit reports, which showed that Defendant NCA had

continued to report the debt he allegedly owed for the Easy Money account, but had failed to note that the debt was disputed. The pertinent parts of Mr. Shull's TransUnion and Experian credit reports are attached as Group Exhibit C.

10. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, that debt on Plaintiff's credit report impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting that debt on Plaintiff's credit report, it was disputed, made it appear to Plaintiff that he did not actually have the right to dispute that debt. Defendant's collection actions alarmed, confused and distressed Mr. Shull and impacted his credit score.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of the initial Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to

communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

15. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect the debt, in violation of § 1692e(8) of the FDCPA.

16. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect the debt, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Erin Shull, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Shull, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Erin Shull, demands trial by jury.

    Erin Shull,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

    By: /s/ Bradford W. Botes
    One of Plaintiff's Attorneys

Dated: November 24, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 24, 2020, a copy of the foregoing **Amended Complaint** was filed with the District Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Neal D. Moore, III                          nmoore@my-defense.com
Moore, Young, Foster
   &amp; Hazelton, LLP
1122 Edenton Street
Birmingham, Alabama 35242

Bradford W. Botes                     bbotes@bondnbotes.com
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)


/s/ David J. Philipps

David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com